**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Filiciano Jermaine Smith, Appellant.

Appellate Case No. 2018-002039

———————

Appeal From Charleston County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-295
Submitted June 1, 2021 – Filed August 11, 2021

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jonathan Scott Matthews, both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

———————

**PER CURIAM:**  Filiciano Jermaine Smith appeals his convictions and sentences
for first-degree burglary, first-degree criminal sexual conduct, kidnapping, and
unlawful carrying of a handgun.  On appeal, Smith argues the trial court erred by

denying (1) his motion to suppress evidence seized during his unlawful warrantless arrest and (2) his motion to suppress a black latex glove seized during an unlawful search of his residence. We affirm pursuant to Rule 220(b), SCACR.

1. We find Smith's warrantless arrest was lawful. Thus, the trial court did not err in denying Smith's motion to suppress evidence that was seized incident to his arrest. *See State v. Alston*, 422 S.C. 270, 279, 811 S.E.2d 747, 751 (2018) ("On appeal from a motion to suppress on Fourth Amendment grounds, [the appellate court] applies a deferential standard of review and will reverse only if there is clear error." (quoting *Robinson v. State*, 407 S.C. 169, 180-81, 754 S.E.2d 862, 868 (2014))); *id.* ("[T]his deference does not bar [the appellate court] from conducting its own review of the record to determine whether the trial [court]'s decision [was] supported by the evidence." (quoting *State v. Tindall*, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010))); *State v. Baccus*, 367 S.C. 41, 49, 625 S.E.2d 216, 220 (2006) ("The fundamental question in determining the lawfulness of an arrest is whether probable cause existed to make the arrest."); *id.* ("Probable cause for a warrantless arrest exists when the circumstances within the arresting officer's knowledge are sufficient to lead a reasonable person to believe that a crime has been committed by the person being arrested."); S.C. Code Ann. § 17-13-30 (2014) ("The sheriffs and deputy sheriffs of this State may arrest without warrant any and all persons who, within their view, violate any of the criminal laws of this State . . . ."); S.C. Code Ann. § 16-23-20 (2015) (listing sixteen exceptions to the general rule that "[i]t is unlawful for anyone to carry about the person any handgun, whether concealed or not").

2. Because Smith failed to contemporaneously object when a detective testified he discovered a black latex glove in Smith's residence, we find this issue is not preserved for appellate review. *See State v. Moses*, 390 S.C. 502, 511, 702 S.E.2d 395, 400 (Ct. App. 2010) ("[M]aking a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination." (alteration in original) (quoting *State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001))); *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, THOMAS, and HILL, JJ., concur.**